## ESTATE OF EDMUND BROOKS.

No. 7659—Jan. 17, 1878.

WILL.—UNDUE INFLUENCE alleged to be exercised by a partner. It must appear that some such influence actually was exercised before the Court can find that the mere fact that a partner is materially benefited by the provisions of a will raises any presumption in that regard.

*Quære:* Whether instructions of a loose verbal character given to a beneficiary under a will as to the disposition of the bequeathed estate raise the presumption of a trust.

Construing sections, C. C., 1272; C. C. P., 1312-13-17; affirmed, Supreme Court,
April 1, 1880.

*D. Rogers,* for Wm. E. Reid, partner of deceased.

*J. M. Kinley, A. H. Townsend* and *E. D. Sawyer,* for contestant, John Brooks.

By the COURT:  The deceased and Reid, the principal legatee, were partners in business in this city, and very close friends for many years up to the death of Brooks.   Reid had the principal management of the business, Brooks doing very little of late years except attending auction sales and making purchases for the business.   Brooks had for many years been addicted to the excessive use of intoxicating liquors, so much so as to give anxiety to his friends, who took steps to induce a reformation.   For ten months prior to September, 1876, he had entirely abstained, but during September and to the date of the will he had returned to his habits. Previous to making the will he sent for his attorney, but as the attorney was absent he sent for Mr. Connor, who had office with the attorney, and who, at Brooks' request, prepared the will according to Brooks' directions.   Connor

and Andrus witnessed the will, which was formally executed in all respects as required by law.  · At the time of executing the will Brooks was of sound and disposing mind, no undue influence was exercised, and it was his own free act.    After the will was executed, and within two days, Brooks said to Reid that he would thereafter tell him how he wished· him to dispose of some of the estate.    Nothing more was said upon that subject until Feb. 6, 1877, when Brooks, being then very ill, said to Reid that he wished then to tell him what disposition he wished him to make of some of the property, and proceeded to do so, which Reid reduced to writing as Brooks gave it, which is as follows:

To John Brooks, brother of the deceased, $75 per month during his natural life, provided that he should not contest the will;

To Miss Mary Reid, of Baltimore, $1,000;

To Miss Delavin, the property in Sacramento belonging to Brooks, and $3,000; ,

To Miss Jessie Andrus, $500;

To the Roman Catholic Orphan Asylum of San Francisco, $500;

To the Protestant Orphan Asylum of San Francisco, $500;

The water lots held in common with John Shirley to be divided between the children of W. E. Reid, Wm. Develin and the daughter of J. B. Andrus, share and share alike, and his watch, clothing and jewelry to Wm. Falvy.

The following points were made by the contestant:

1—Brooks was not of sound and disposing mind.

2—That the will was made by reason of undue influence exercised by Reid in two ways, viz: that by reason of their relations as co-partners the law presumes undue influence, Reid being a beneficiary under the will, and that Reid actually exercised undue influence over Brooks, and thereby procured the execution of the will.

3—That the will is not the last will and testament of deceased, because at the time of its execution he had in his mind the desire and intention that a disposition of his property should be made other than is expressed in his will.

4—That the verbal instructions given to Reid as to the disposal of a portion of the estate were a portion of his desire as to his property, and not being expressed therein the whole is void.

Upon the question of undue influence, it was distinctly proved that no influence was exercised by Reid over Brooks in inducing the will, and that he gave Reid the bulk of his estate on account of their friendship and because he had confidence in him.

Upon the subject of verbal instructions, Brooks was bound to know that if he wished those instructions to be a part of his will, he should have caused them to be inserted therein. Brooks in person gave the directions as to drafting the will. Reid did not know its contents until he heard it read at the time of its execution, and he was not then advised that Brooks intended to make any disposition other than as expressed in the will. Whether or not there is a trust created by the subsequent verbal instructions does not affect the question under consideration.

The application to revoke the probate of the will is denied.